IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD B. SHY | : | CASE NO.: _____ |
| 868 Wiltshire Rd. | : | |
| Columbus, Ohio 43204 | : | Judge _____ |
| | : | |
| -vs- | : | |
| | : | |
| DAVID AURIGEMMA | : | **COMPLAINT FOR MONEY** |
| Sargeant, | : | **DAMAGES.** |
| Franklin County Sheriff's Department | : | |
| 373 South High St. | : | (Jury Demand Endorsed Hereon) |
| Columbus, Ohio 43215 | : | |
| | : | |
| DALLAS BALDWIN | : | |
| Sheriff (in his official capacity) | : | |
| Franklin County Sheriff's Department | : | |
| 373 South High St. | : | |
| Columbus, Ohio 43215 | : | |

### INTRODUCTION

1. This is an action for money damages brought pursuant to 42 §§1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution and under the common law of the state of Ohio against Sargeant David Aurigemma in his individual capacity and against the County of Franklin, Ohio.

2. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343 and the pendent jurisdiction of this Court to entertain claims arising under state law.

3. It is alleged that the defendant police office made an unreasonable seizure of the person of Donald Shy violating his rights under the Fourth and Fourteenth Amendments to the United States constitution, and the defendant assaulted and battered Donald Shy. It is further alleged that these violations and torts were committed as a result of policies and customs of the County of Franklin, Ohio.

## PARTIES

4. Donald Shy was at all material times, a resident of the city of Columbus, County of Franklin County, Ohio.

5. Defendant Aurigemma was at all times relevant to this Complaint, a duly appointed and acting officer under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the state of Ohio and and/or the County of Franklin, Ohio.

6. The County of Franklin is a unit of the state of Ohio and the public employer of the defendant officer.

## FACTS

7. On July 27, 2019 at approximately 5:30 p.m., Donald Shy was taken by his mother Syndrea Shy, to the Giant Eagle grocery store located at 4780 West Broad St, Columbus, Ohio, where she intended to retrieve Donald's prescribed medication for his medical and possible mental health issues.

8. Upon entering Giant Eagle, Donald noticed and brought to his mother's attention, some flowers and/or plants near the entrance of the store that were of the kind he knew his mother liked.

9. One of the plants/flowers was place in the basket that his mother was using to hold selected items.

10. Syndrea Shy, Donald's mother took the plant along with other the selected items to the checkout counter to pay for the all the items she had selected. At this time, the cashier informed Syndrea Shy that she did not have a price for the plant/flower and went to another part of the checkout counter attempting to determine the price of the plant/flower.

11. While the cashier was attempting to determine the price of the item, Donald's mother told Sgt. Aurigemma that she no longer wanted the plant/flower and meanwhile Donald took paid for groceries to his mother's car.

12. Defendant Aurigemma asked the cashier whether Donald's mother had paid for the plant and was told that she had not paid for the item as she believed she had. At this time, the Defendant demanded that Donald's mother show him the receipt for her purchase.

13. Believing that Donald had the receipt with him for the groceries including the plant she had paid for, Syndrea Shy informed the Defendant that Donald had the receipt. Whereupon the Defendant went to the mother's car where Donald was sitting talking to his brother and waiting for his mother to return to the car.

14. After the Defendant had been outside where Donald was in the car in the parking lot for what seemed an inordinate amount of time, Syndrea looked out toward her car and saw the Defendant assaulting Donald which caused her to protest Defendant's behavior.

15. Defendant then approached Syndrea and demanded she return to the store to be arrested her for the crime of shoplifting and another Franklin County deputy sheriff came over to arrest her. Concerned about his mother, Donald approached his mother and Defendant to ask what was going on with his mother.

16. Without provocation or just cause, Defendant grabbed Donald, slammed him to the ground face first and put a foot behind him.

17. Defendant handcuffed Donald behind his back and at least two other deputy sheriffs, who had responded to Defendant's call for assistance, took custody of custody of Donald, placed him in the back of a police cruiser, and transported him to the Franklin County Corrections Center.

18. At no point during the events described above, was Donald intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses. He had not resisted arrest.

19. The Defendant police office had no warrant for the arrest of Donald, no probable cause for the arrest of Donald, and no legal cause or excuse to seize Donald's person.

20. As a direct and proximate result of the said acts of Defendant officer, Plaintiff Donald Shy, suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Loss of his physical liberty;

   c. Physical pain and suffering including a broken clavical and extensive bruising on his back and shoulders. Donald also suffered and continue to suffer severe emotional trauma and suffering, requiring treatment by medical professionals with the accompanying expenditure of money for treatment. It is likely Defendant inflicted such pain and suffering on Donald that he likely will have to endure pain and suffering, physically and emotionally, for the rest of his life.

21. The actions of Defendant violated the following clearly established and well settled federal constitutional rights of Donald Shy:

   a. Freedom from the unreasonable seizure of his person;

   b. Freedom from the use of excessive, unreasonable, and unjustified force against his person.

**COUNT 1: 42 U.S.C. § 1983 Against Defendant Aurigemma**.

22. Paragraphs 1 through 21 are incorporated herein by reference as though fully set forth herein.

23. Donald Shy claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendant officer for violation of his constitutional rights under color of law.

**COUNT II: Assault and Battery Against the Defendant**.

24. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth herein.

25. Defendant assaulted and battered Donald Shy.

26. As a result of this assault and battery, Plaintiff Donald Shy suffered severe physical and emotional injuries damages as aforesaid.

**COUNT III: False Arrest and Illegal Imprisonment against Defendant**.

27. Paragraphs 1 through 26 are incorporated herein by reference as though fully set forth herein.

28. Defendant directed and caused the illegal arrest and imprisonment of Plaintiff.

29. As a result of this false arrest and illegal imprisonment, the Plaintiff suffered damages as aforesaid.

**COUNT 1V: 42 U.S.C. §1983 Against County of Franklin, Ohio**.

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth herein.

31. Prior to July 27, 2019, the County of Franklin, Ohio developed and maintained policies or customs exhibiting indifference to the constitutional rights of persons in said County, which caused the violations of Plaintiff's rights.

32. It was the policy and/or custom of the county of Franklin to inadequately and improperly citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the County of Franklin.

33. It was the policy and/or custom of the County of Franklin, Ohio to inadequately supervise and train its police officers, including Defendant, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The County did not provide appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

34. As a result of the above-described policies and customs, police officers of the County of Franklin, Ohio including Defendant, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

35. The above-described policies and customs demonstrated a deliberate indifference on the part of policymakers of the County of Franklin, Ohio, to the constitutional rights of persons within the county and were the cause of the violations of Donald Shy's rights alleged herein.

    **WHEREFORE,** The Plaintiff requests that this Court:

    a. Award compensatory damages to Plaintiff against the Defendants, jointly and severally, in an amount to be determined at trial, but being not less than Five Hundred Thousand Dollars ($500,000.00);

    b. Award costs of this action to Plaintiff;

    c. Award reasonable attorney fees and costs to Plaintiff on Counts I through IV of the Complaint;

    d.  Award such other and further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury as to all matters that may be presented to a jury.

                Respectfully submitted,

                <u>*/s/ Charles A. McKinney*</u>
                Charles A. McKinney (#0039214)
                Talbott Tower
                118 West First Street, Suite 618
                Dayton, Ohio 45402
                Tel:    (937) 461-9000
                Fax:   (937) 461-9640
                Email: charles@charlesmckinney.com